BETTERLY *v.* BOYNE CITY, GAYLORD & ALPENA RAIL-
ROAD CO.

1. NEGLIGENCE — RAILROADS — AUTOMATIC COUPLING DEVICES —
MASTER AND SERVANT—ASSUMPTION OF RISK.
   A logging train, which consists in part of cars with couplers
   more than 25 inches above the rails, must have automatic
   couplers in compliance with Act No. 234, Pub. Acts 1907;
   not being within the exception which excludes trains con-
   sisting of standard logging cars having couplers not over 25
   inches above the rail.

2. SAME—STATUTORY DUTY—RISK NOT ASSUMED.
   A servant does not assume the risk of a violation of such statu-
   tory duty.[1]

3. SAME—PROXIMATE CAUSE — CONCURRENT CAUSES — DEFECTIVE
EQUIPMENT—RAILROADS.
   Where it appeared that the drawhead of one of the cars which
   plaintiff attempted to couple was broken and the coupler
   lower than that of the other cars, it could not be said, as a
   matter of law, that plaintiff was injured while lifting it up
   because of the defective car rather than by the neglect to
   comply with the statute.

4. SAME —CONTRIBUTORY NEGLIGENCE.
   The evidence disclosing that plaintiff had been previously in-
   formed of the high car and of the defective coupling, war-
   ranted the inference that his entering between the cars con-
   tributed to his injury and was negligence, and rendered a
   charge erroneous which stated that plaintiff had the right to
   enter between the cars, but was required to exercise due care
   in making the coupling.

Error to Otesgo; Sharpe, J. Submitted June 21, 1909.
(Docket No. 97.) Decided October 4, 1909.

Case by Fletcher Betterly against the Boyne City, Gay-
lord & Alpena Railroad Company for personal injuries.

[1]As to servant's assumption of risk of master's breach of statu-
tory duty, see note to *Denver, etc., R. Co.* v. *Norgate* (C. C. A. 8th
C.), 6 L. R. A. (N. S.) 981.
   158 MICH.—25.

A judgment for plaintiff is reviewed by defendant on writ of error. Reversed.

*Harris & Ruegsegger*, for appellant.

*De Vere Hall*, for appellee.

HOOKER, J.   Defendant is the owner of a steam railroad which it operates chiefly for logging operations, though some of its trains carry passengers, freight, mail, express, and baggage.   All of its logging cars have link and pin couplers, and on all but four the centers of such couplers are 25 inches or less above the top of the rail. On these four cars they were about 27¾ inches above the top of the rail.   The plaintiff, an experienced brakeman, was employed by defendant as conductor of its logging train, and had served as such a year or more before his injury in coupling cars belonging to such train, which led to his bringing this action.   Upon the trial plaintiff recovered, and defendant has appealed.

The plaintiff relied on three acts of negligence, viz.:

(1) Violation of Act No. 234, Pub. Acts 1907, in the equipment of its cars.

(2) The use of a car with an injured coupler.

(3) The use of cars, with link and pin couplers, of heights wanting in reasonable uniformity.

The statute referred to provides:

" It shall hereafter be unlawful for any common carrier owning or operating any portion of a railroad, wholly or partly in this State, to haul or permit to be hauled or used on its line within this State any car used in moving traffic not equipped with couplers coupling automatically by impact and which can be uncoupled without the necessity of men going between the ends of the cars: *Provided,* that nothing in this act contained shall apply to trains composed of four wheeled cars or to trains composed of eight wheeled standard logging cars where the height of such car from the top of the rail to the center of the coupling does not exceed twenty-five inches, or to locomotives used in hauling such trains when such cars or locomotives are exclusively used for the transportation of logs."

Section 2 of the act provides a penalty for violation.

The train in question consisted of several standard logging cars, conforming to the requirements in the exception, and one or more logging cars of similar type, but which did not comply with it in the matter of height to the centers of the couplings, being 27¾ inches. The plaintiff attempted to couple the last car in the train to a car standing on the track. The former was a car with the high coupling, the other one with a 25-inch coupling when in repair, but, owing to a bent or broken strap made to hold up the drawhead, it (the drawhead) was dropped down. He did not notice this until he stepped in between the cars, then a foot or two feet apart, the train being in motion, backing up. He testified that this drawhead was two or three inches lower than it would have been had it been in good repair, making a difference (he said) between the couplings of six or seven inches in height. In trying to make the coupling by lifting it up his hand was injured. The plaintiff admitted that his brakeman informed him the previous day of a broken car in the train, but did not tell him what car it was or where it was.

Counsel for defendant contend:

(1) That the defendant did not violate the statute, and consequently plaintiff assumed the risk of making the coupling; it being one incident to his employment.

(2) That, if the defendant did violate the statute, such violation—*i. e.*, the absence of automatic couplers—was not the proximate cause of the injury, and therefore plaintiff should not have been allowed to recover on that ground.

(3) That the court erred in his instruction relating to contributory negligence.

1. *Assumption of Risk.* We have held that one injured through the violation of a statute cannot be said to have assumed the risk. Defendant's claim is that this was a logging train, all of the cars in which, save one, complied with the requirements of the exception. If that be admitted, it certainly was not a train to which the exception

applied, for it is not the kind of a train described therein. The legislature made an exception in favor of logging trains—not cars—where (all) cars complied with its requirements. All other trains must be made up of cars equipped with automatic couplers. It cannot be said, therefore, that plaintiff contracted to assume the risk of coupling cars with link and pin couplers, in a train not within the exception.

2. *Proximate Cause.* Counsel say that, had the high car been equipped with an automatic coupler, it would have required the same going between the cars, and lifting up the low drawhead. Therefore it was not the absence of the automatic coupler on the high car, but the low drawhead upon the defective car, which was the proximate cause of the accident. This is more plausible than accurate. Suppose the low car had been perfect and the high car had been equipped with an automatic coupler, still the defendant would not have complied with the law, which required all logging trains using any link and pin couplings to have drawbars not exceeding 25 inches. We may reasonably assume that this requirement of uniformity was for the purpose of obviating the dangers of coupling with link and pin peculiar to the use of uneven drawbars. We find nothing in this law indicating an intention to except a train of logging cars using link and pin and automatic couplers indiscriminately, at least where some of the cars have couplers exceeding the lawful height, which is all that we need say in this case. If there is any merit in the claim that the violation of the law was not the proximate cause of the injury, it rests on the fact that the low car was defective, by reason of which the drawbar was two inches below the height of 25 inches, but who can say that the proximate cause was necessarily either one of two concurring acts, negligent or otherwise. If a jury might have so found, we discover no request that they be instructed upon the subject.

3. *Contributory Negligence.* The question of contributory negligence was certainly in the case. The court so

understood it, and left it to the jury. We are asked to hold that he erred in limiting the jury to acts done after plaintiff entered between the cars. The defendant claims that the plaintiff as conductor had authority, and that it was his duty, to set out the high car from the train, and should not have attempted the coupling for that reason; also, that he knew of the broken car the day before the accident, being informed thereof by his brakeman from whom he took its number; further, that with this knowledge he should have discovered the difference between the couplers, and the defective coupler, before entering between the cars, and that the jury should have been allowed to find that it was negligence on his part to go between the cars, where he would be compelled to attempt the coupling or take serious risks of injury.

It also contends that it was negligence for plaintiff to enter between cars, one of which was approaching the other and in close proximity to the other, without ascertaining whether they were in a condition of good repair, and that in this case by not attempting to ascertain the condition of the cars, and without signaling the engineer and stopping the train, he was guilty of contributory negligence, and therefore the court erred in instructing that:

" I believe it to be the law, and now charge it to you as the law, that when a railroad company is required to equip cars of this class that I have spoken of with the automatic coupler, and they fail to do it, that then the entrance of the conductor between the two cars for the purpose of trying to make the coupling is not such an act on his part as assumes the risk connected with the danger involved in that work. The statute steps in and releases him from assuming the risk incident to that work, but, if he gets in between the cars, then a duty devolves upon him, and that duty is to use such care, such reasonable care and precaution in endeavoring to make the coupling, as is incident to the danger involved. While he has the right, as I have said to you, without assuming the risk connected with it, to enter in between the cars for the purpose of making the coupling, the law still devolves upon him the duty of using care in the performing of that work. And,

if his injury in this case was occasioned in consequence of any carelessness on his part while he was endeavoring to make this coupling, then he cannot recover in this case. He is guilty of what we term in law 'contributory negligence.'"

The effect of this was to preclude the jury from finding that there was any contributory negligence except such as occurred after plaintiff's entry between the cars. It is obvious that this cannot be the correct rule. The jury might have found that it was negligent to go between these cars, in view of the patent want of uniformity of couplers and the depressed drawbar, without stopping the train to ascertain conditions, or raising and supporting the low drawbar before allowing the cars to collide.

We are therefore constrained to reverse the judgment and direct a new trial. It is so ordered.

OSTRANDER, MOORE, McALVAY, and BROOKE, JJ., concurred.